UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-MJ-02751-Torres

UNITED STATES OF AMERICA,

v.

JOSE HERNANDEZ,
ANGEL LUVI,
ENDRIS HERNANDEZ, and
WILMAR MOSQUERA,

          Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

                                      Respectfully submitted,

                                      MARKENZY LAPOINTE
                                      UNITED STATES ATTORNEY

                      By:    /s/ *Jessica J. Ayer*
                           JESSICA J. AYER
                           Special Assistant United States Attorney
                           Court ID No. A5502916
                           99 N.E. 4th Street
                           Miami, FL 33132
                           Tel. No. (305) 510-8179
                           Fax No. (305) 536-4676
                           E-mail: Jessica.Ayer@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOSE HERNANDEZ,<br>ANGEL LUVI,<br>ENDRIS HERNANDEZ, and<br>WILMAR MOSQUERA,<br>*Defendant(s)* | Case No. 23-MJ-02751-Torres |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __April 9, 2023__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

The complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*   ID# TS11175

Lewis Hosch, Special Agent DEA
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone.

Date: April 18, 2023

_____
*Judge's signature*

City and state: Miami, Florida

Hon. Edwin G. Torres, United States Chief Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Lewis Hosch, being duly sworn, hereby depose and state the following:

1. I am employed as a Detective with the City of Homestead Police Department and have served in this capacity since January 2005. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against JOSE HERNANDEZ, ANGEL LUVI, ENDRIS HERNANDEZ, and WILMAR MOSQUERA, for knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

3. On or about April 9, 2023, a Maritime Patrol Aircraft ("MPA") detected a go-fast vessel (GFV) approximately 126 nautical miles south of Isla Beata, Dominican Republic, in

international waters. The GFV had four individuals on board, a large amount of fuel drums, and displayed no indicia of nationality, and had visible packages on board. The USS LITTLE ROCK was diverted to interdict and investigate. The USCG assumed tactical control of USS LITTLE ROCK and granted a Statement of No Objection for the USS LITTLE ROCK to conduct a Right of Visit boarding. The USS LITTLE ROCK launched a smaller boat with a boarding team and a helicopter to approach the GFV.

4. When the helicopter arrived on scene, they observed the individuals on board the GFV throw packages overboard. The boarding team on board the smaller boat was able to recover one of the packages and continued on to the GFV. The boarding team arrived alongside the GFV, and saw four individuals and one package on board the GFV.

5. The boarding team identified the master of the vessel as JOSE HERNANDEZ, a Venezuelan national, who did not make a claim of nationality for the vessel. Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

6. The other three individuals on board were later identified as ANGEL LUVI and ENDRIS HERNANDEZ, nationals of Venezuela, and WILMAR MOSQUERA, a national of Colombia. The boarding team recovered and seized a total of two bales. The contents of the bales were field tested and tested positive for the presence of cocaine with an approximate weight of 50 kilograms of cocaine. All individuals, along with the suspected cocaine, were transferred to the USS LITTLE ROCK.

7. Based on the foregoing facts, I submit that probable cause exists to believe that JOSE HERNANDEZ, ANGEL LUVI, ENDRIS HERNANDEZ, and WILMAR MOSQUERA, did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

**FURTHER AFFIANT SAYETH NAUGHT.**

*Lewis Hosch*
LEWIS HOSCH
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
By Telephone this __18th__ day of April, 2023.

HONORABLE EDWIN G. TORRES
UNITED STATES CHIEF MAGISTRATE JUDGE